

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BRIAND WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. CV 04-09205-AHM (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

On November 16, 2004, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 naming Los Angeles County, the Los Angeles County Sheriff's Department ["LASD"], Jason Patterson, and John Does 1 through 10 as defendants. At the time he filed this action, Plaintiff was a resident of San Diego and was not incarcerated. That complaint was dismissed with leave to amend by Magistrate Judge Marc L. Goldman on December 17, 2004. Plaintiff timely filed a first amended complaint, which was dismissed with

leave to amend by Magistrate Judge Goldman on January 19, 2005. Plaintiff filed a second amended complaint on February 17, 2005, naming numerous new defendants, and which was ordered served upon some of those Defendants.

On June 7, 2005, Defendants filed a motion to dismiss. At his request, Plaintiff was given until August 1, 2005 in which to file an opposition. Plaintiff did not do so and on August 17, 2005, Magistrate Judge Goldman issued an order directing Plaintiff to show cause why the action should not be dismissed for failure to prosecute and failure to comply with the court's orders. When Plaintiff filed another, unrelated lawsuit, the court first learned that Plaintiff had been imprisoned and was then incarcerated at the state prison in Chino, California. On September 16, 2005, Magistrate Judge Goldman issued another order to show cause, which was sent to the state prison at Chino.

Plaintiff filed a response to the September 16, 2005 order to show cause and on October 5, 2005, the court dismissed that order to show cause and directed Plaintiff to file an opposition to the Defendants' motion to dismiss on or before November 14, 2005. That order was returned to the court when Plaintiff refused to accept delivery, despite his knowledge that the communication was from the court. Plaintiff sent a letter to the court on October 26, 2005, in an attempt to excuse that refusal.

On November 1, 2005, the court issued an order directing that Plaintiff again be served with the October 5, 2005 order. Plaintiff was given until November 29, 2005 in which to file his opposition to the motion to dismiss. He was specifically informed that the failure to respond would result in dismissal of the action with prejudice.

2

That order was returned by prison officials with a notation that Plaintiff was out to court. Plaintiff has not informed the court of any change of address, has not filed an opposition and has made no contact with the court since October 26, 2005.

This action must be dismissed for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260, 1261; *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). In addition, L.R. 41-6 requires that a party appearing *pro se* keep the court informed of any change of address and permits dismissal of an action if the party fails to notify the court in writing of such change within fifteen days after a mailing is returned undelivered.

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's repeated failures to comply with court orders and his failure to accept process from the court, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk

of prejudice to Defendants.

In addition, Plaintiff has failed to follow the mandate of L.R. 41-6. That rule provides that a *pro se* Plaintiff must keep the Court apprised of his current address and phone number. "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court . . . of his current address, the Court may dismiss the action with or without prejudice."

Here, the November 1, 2005 order requiring Plaintiff to file his opposition was received by the court on December 6, 2005. More than 15 days have elapsed since service of the order and Plaintiff has not provided the Court with his current address. For this reason also, dismissal is warranted.

Balancing all of these factors, dismissal of this action with prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: 12/27/05

A. Howard Matz
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge

4